**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: September 28, 2026**

**Hon. Rachel M. Blise**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

Chad M. McCauley and
Robin A. McCauley,

Debtors.

Case No. 26-10750-rmb

Chapter 7

---

**DECISION ON DEBTORS' MOTION TO AVOID LIENS THAT IMPAIR EXEMPTIONS**

---

Debtors Chad and Robin McCauley seek to avoid liens on farming equipment pursuant to 11 U.S.C. § 522(f)(1) to the extent the liens impair their claimed $15,000 exemptions under Wis. Stat. § 815.18(3)(b)(1). Creditor Richland County Bancshares, Inc. (the "Bank") argues the debtors' ability to avoid liens on any exemptible farming equipment is limited to $8,575 under 11 U.S.C. § 522(f)(3). The parties also dispute whether the farming equipment is used in the business of Mr. McCauley, a question of fact, and whether Mrs. McCauley can claim the exemption, a mixed question of fact and law. This decision addresses the legal questions related to the exemption cap under § 522(f)(3) and Mrs. McCauley's ability to claim an exemption in the equipment used by Mr. McCauley.

## BACKGROUND

Chad and Robin McCauley filed voluntary chapter 7 petition on April 8, 2026. Dkt. No. 1. The debtors elected use claim exemptions under Wisconsin state law rather than under federal law. On Schedule C, they list the following items as exempt under Wis. Stat. § 815.18(3)(b)(1): milking equipment valued at $7,000, a Gehl 5240E Skid Loader valued at $9,500, and a 2019 LS Tractor valued at $17,5000 (collectively, the "Equipment"). Dkt. No. 12 at 14. The parties dispute the value of the Equipment (the Bank believes the value may be higher), but that dispute is not relevant at this point. For present purposes, the debtors have valued the Equipment at a total of $34,000, and the debtors each claim an exemption of $15,000 under Wis. Stat. § 815.18(3)(b).

On Schedule D, the debtors list the Bank as having a claim of $68,275.04 secured in part by the Equipment. Dkt. No. 12 at 15. The debtors assert, and the Bank does not dispute, that the Bank's security interest is a consensual nonpossessory, nonpurchase-money lien.

The debtors filed a motion to avoid the Bank's lien on the Equipment to the extent the lien impairs their exemptions for tools of the trade under Wis. Stat. § 815.18(3)(b)(1). Dkt. No. 16. The Bank objected to the motion, contending that the Equipment does not qualify as tools of the trade under § 815.18(3)(b)(1) because the debtors are not using them in business. Dkt. No. 18. The Bank also argues that the debtors' ability to avoid the lien is limited to $8,575 under § 522(f)(3), and that Mrs. McCauley cannot claim an exemption under § 815.18(3)(b)(1). Dkt. No. 26.

## DISCUSSION

The Court concludes that, pursuant to 11 U.S.C. § 522(f)(3), the debtors' ability to avoid the Bank's consensual nonpossessory, non-purchase money security interest in the Equipment is limited to a value of $8,575 per debtor. The Court also concludes that under Wisconsin law, Mr. McCauley is presumptively a dependent of Mrs. McCauley for the purpose of allowing her to claim an exemption in tools of the trade Mr. McCauley uses in business.

### 11 U.S.C. § 522(f)(3)

The debtors elected to claim exemptions under Wisconsin state law, which provides that a debtor may claim as exempt "[e]quipment, inventory, farm products, and professional books used in the business of the debtor or the business of a dependent of the debtor, not to exceed $15,000 in aggregate value." Wis. Stat. § 815.18(3)(b)(1).

The Wisconsin statute prohibits claiming any exemption (not just the exemption for tools of the trade) against the interest of a consensual lienholder: "No property otherwise exempt may be claimed as exempt in any proceeding . . . against the claim or interest of a holder of a security interest . . . or any consensual or statutory lien." Wis. Stat. § 815.18(12). The Bankruptcy Code overrides this state prohibition on lien avoidance in certain respects. In bankruptcy, if a lien impairs an exemption that the debtor could have claimed "but for the lien itself," the debtor may avoid the lien under § 522(f). *Owen v. Owen*, 500 U.S. 305, 309-12 (1991).

Section 522(f) provides:

> Notwithstanding any waiver of exemptions and subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . .
>
> (B) a nonpossessory, nonpurchase-money security interest in any— . . .
>
> > (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

11 U.S.C. § 522(f)(1). In other words, § 522(f)(1) allows a debtor to avoid certain consensual liens on tools of the trade to the extent the lien impairs an otherwise allowable exemption under § 522(b). Section 522(b) allows debtors to elect state exemptions if applicable. In Wisconsin, § 522(f)(1) would allow a debtor with consensual liens on tools of the trade to avoid liens to the extent they impair his or her $15,000 exemption under Wis. Stat. § 815.18(3)(b).

As noted in the statute, a debtor's ability to avoid a lien is limited by subsection 3 of § 522(f). That subsection provides:

> (3) In a case in which State law that is applicable to the debtor—
>
> > (A) permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d); and
> >
> > (B) either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property;
>
> the debtor may not avoid the fixing of a lien on an interest of the debtor or a dependent of the debtor in property if the lien is a nonpossessory, nonpurchase-money security interest in implements, professional books, or tools of the trade of the

> debtor or a dependent of the debtor or farm animals or crops of the debtor or a dependent of the debtor to the extent the value of such implements, professional books, tools of the trade, animals, and crops exceeds $8,575.

11 U.S.C. § 522(f)(3).

The practical effect of § 522(f)(3) is that, if the conditions of the statute are met, a debtor can seek to avoid a nonpossessory non-purchase money lien on tools of the trade only to the extent of $8,575 in value, regardless of the exemption the debtor could otherwise claim under state law. Here, each debtor claims an exemption of $15,000, for a total of $30,000 in claimed exemptions. If the cap in § 522(f)(3) applies, then each debtor would be limited to claiming an exemption of $8,575 in the Equipment (a total of $17,150), leaving the rest of the value subject to the Bank's lien if the other requirements for lien avoidance in § 522(f) are met.

For a debtor's exemption to be so limited, both subparts of § 522(f)(3) must be satisfied. The parties do not dispute that subsection (A) is satisfied. Wisconsin state law does not prohibit debtors from claiming exemptions under § 522(d), but Wisconsin law does allow a debtor to voluntarily waive a right to claim exemptions under § 522(d). That is, a debtor may claim exemptions under either Wisconsin state law or under federal law, i.e. § 522(d). The courts in Wisconsin to have addressed the issue likewise conclude that Wisconsin law satisfies the requirements of (A). *In re Klug*, 633 B.R. 883, 890 (Bankr. W.D. Wis. 2021); *In re Ehlen*, 207 B.R. 179, 182 (W.D. Wis. 1997).

The dispute here relates to subsection (B). The first phrase requires a state law that permits a debtor to claim an exemption under state law without limitation

in amount. Wisconsin's exemption for tools of the trade is not unlimited, so that requirement is not met. The issue, then, is whether Wisconsin law "prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property." 11 U.S.C. § 522(f)(3)(B). The bankruptcy courts in Wisconsin have reached conflicting conclusions on the issue.

The first case to address the issue was *In re Parrish*, 186 B.R. 246 (Bankr. W.D. Wis. 1995). In that case, Judge Martin in the Western District of Wisconsin concluded that Wisconsin law satisfies the requirement of subsection (B), relying on Wis. Stat. § 815.18(12), which prohibits a debtor from claiming an exemption in a proceeding to collect on a consensual lien. Judge Martin noted that "[t]his statute, despite its opacity and its confusing disjunctions, expressly prohibits the avoiding of a consensual lien; the very type of lien at issue." *Id.* at 248.

The following year, Judge Utschig of the Western District reached the opposite conclusion in *In re Ehlen*, 202 B.R. 742 (Bankr. W.D. Wis. 1996), and his decision was affirmed by the district court on appeal, *In re Ehlen*, 207 B.R. 179 (W.D. Wis. 1997). Both courts concluded, based in part on a statement by the American Bankers Association included in the legislative record, that the second phrase in subsection (B) was designed to address exemption provisions in a small number of states, including Louisiana and Texas. 202 B.R. at 748-49; 207 B.R. at 184-85. They further concluded that to satisfy the second part of subsection (B), a state statute must specifically prohibit the avoidance of a lien; the statute cannot

merely prohibit the claiming of an exemption for the encumbered property. 202 B.R. at 749-50; 207 B.R. at 184.

In the only case from the Eastern District of Wisconsin, Judge Halfenger disagreed with the *Ehlen* decisions and held that Wisconsin law satisfies § 522(f)(3). *In re Immel*, No. 17-22036-GMH, 2018 WL 3701679 (Bankr. E.D. Wis. Aug. 2, 2018). Judge Halfenger held that Wis. Stat. § 815.18(12) "prohibits a debtor from using Wisconsin exemptions to avoid or otherwise defeat a consensual lien." *Id.* at *1. He also concluded that resort to legislative history was unnecessary, and that the statement from the American Bankers Association was unpersuasive in any event. He noted that the statement was not made by a legislator and that a statute designed to remedy a problem readily apparent in a few states could nevertheless have broader application in other states. *Id.* at *3.

In the most recent case from Wisconsin, Judge Furay in the Western District agreed with the *Ehlen* decisions, holding that § 522(f)(3) does not cap a debtor's exemption for tools of the trade in Wisconsin. *In re Klug*, 633 B.R. 883 (Bankr. W.D. 2021). Judge Furay noted that Wis. Stat. § 815.18(12) "in effect renders exemptions unenforceable against consensual liens in the context of an execution or enforcement of a judgment," but she held that the statute does not prohibit avoidance of the lien. *Id.* at 892.

Not surprisingly, in this case the debtors urge the Court to apply the *Klug* and *Ehlen* decisions, and the Bank wants the Court to apply *Immel* and *Parrish*. The Court concludes that *Immel* and *Parrish* have the better of the argument.

In prohibiting a debtor from claiming an exemption in an enforcement action for a consensual lien, Wis. Stat. § 815.18(12) effectively prohibits the debtor from avoiding the lien. The statute defines "exempt" as "free from any lien obtained by judicial proceedings and is not liable to seizure or sale on execution or on any provisional or final process issued from any court, or any proceedings in aid of court process." Wis. Stat. § 815.18(2)(h). Section 815.18(12) thus prohibits debtors from "using an exemption either defensively against a creditor collecting on a consensual lien or offensively to avoid a consensual lien on exempt property." *Immel*, 2018 WL 3701679, at *2. If a debtor could claim an exemption against enforcement of a consensual lien, then the exempted property would be "free from" the lien and "not liable to seizure." The lien would have no effect as to the exempted property, which is largely the same as avoidance of the lien. The statute makes clear that a debtor in Wisconsin cannot use exemptions to avoid the effect of a lien.

A state legislature need not use the precise word "avoid" to have the same effect of prohibiting avoidance of a consensual lien. Indeed, the district court in *Ehlen* and the court in *Krug* even noted that it would be quite odd for a state statute to discuss avoidance of a lien, which is a concept and procedure generally peculiar to bankruptcy. *See Ehlen*, 207 B.R. at 184 ("There is no apparent reason why a state property exemption scheme would refer to lien avoidance, a concept peculiar to federal bankruptcy."); *Klug*, 633 B.R. at 893 ("Lien avoidance is generally specific to bankruptcy."). That the legislature in Texas sought fit to use the term "avoid" does not mean that Wisconsin's law does not have the same force and effect.

In addition, the plain language of § 522(f)(3) provides enough context to interpret the statute without resort to legislative history. As Judge Halfenger noted in *Immel*, since *Ehlen* was decided, the Supreme Court has called for interpreting the Bankruptcy Code based on its plain language before looking to legislative history. *Immel*, 2018 WL 3701679, at *3 (citing to *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). It is clear that Congress added § 522(f)(3) in 1994 to address the Supreme Court's decision in *Owen v. Owen*, 500 U.S. 305 (1991), in which the Court held that § 522(f) allows a debtor to avoid a lien to claim the full amount of state exemptions, even those that are unlimited or very generous compared to others. The statement from a trade group focused on a handful of states that were problematic for the group does not mean that Congress did not draft a statute that affects more than those states at issue for the group. The court's conclusion in *Ehlen* that Congress intended § 522(f)(3)(B) to apply only where a statute explicitly includes avoidance language similar to a Texas law based on information provided by the American Bankers Association is unpersuasive.

In sum, the Court concludes that Wisconsin law satisfies the requirements of § 522(f)(3). Therefore, if the debtors can avoid the Bank's lien under § 522(f)(1) (there is still a factual dispute about that), then the lien may be avoided only to the extent of $8,575 for each debtor.

**Exemption Claimed by a Spouse**

Both debtors claimed an exemption for the Equipment as tools of the trade under Wis. Stat. § 815.18(3)(b)(1), which allows a debtor to claim an exemption for

equipment "used in the business of the debtor or the business of a dependent of the debtor." If the Equipment is used in the business of the debtor here (again, there is a dispute about that), then there is no dispute that the business at issue is that of Mr. McCauley because the Equipment is not and was not used in any business conducted by Mrs. McCauley at any relevant time. The debtors argue that Mrs. McCauley can claim the exemption because Mr. McCauley is her dependent. The Bank disputes this, arguing that Mr. McCauley is not Mrs. McCauley's dependent, so she cannot claim an exemption in the Equipment.

The Wisconsin exemption statute defines "dependent" as "any individual, ***including a spouse***, who requires and is actually receiving substantial support and maintenance from the debtor." Wis. Stat. § 815.18(2)(d) (emphasis added). Notwithstanding the inclusion of spouse in the definition, the Bank argues that not all spouses qualify as dependents of one another.

Wisconsin follows the common law "doctrine of necessaries" under which spouses are responsible for debts incurred in the support and maintenance of one another in much the same way as a parent is responsible for debts incurred for the care and support of a minor child. The Wisconsin Supreme Court summarized the reasons for the rule in *Sharpe Furniture, Inc. v. Buckstaff*, 99 Wis. 2d 114, 299 N.W.2d 219 (1980):

> We are of the opinion that the doctrine of necessaries serves a legitimate and proper purpose in our system of common law. The heart of this common law rule is a concern for the support and the sustenance of the family and the individual members thereof. The sustenance of the family unit is accorded a high order of importance in the scheme of Wisconsin law. . . . The

> necessaries rule encourages the extension of credit to those who in an individual capacity may not have the ability to make these basic purchases. In this manner it facilitates the support of the family unit and its function is in harmony with the purposes behind the support laws of this state.

*Id.* at 119. The doctrine has also been codified in the statutes:

> Under the laws of this state, marriage is a legal relationship between 2 equal persons, a husband and wife, who owe to each other mutual responsibility and support. Each spouse has an equal obligation in accordance with his or her ability to contribute money or services or both which are necessary for the adequate support and maintenance of his or her minor children and of the other spouse. No spouse may be presumed primarily liable for support expenses under this subsection.

Wis. Stat. § 765.001(2); *see also St. Mary's Hosp. Med. Ctr. v. Brody*, 186 Wis. 2d 100, 109 (Ct. App. 1994) (concluding that wife was "equally responsible" to hospital for debt husband incurred while they were married). Based on the doctrine of necessaries, including as codified in the statute, spouses in Wisconsin are dependents of one another because each is liable for the support and maintenance of the other.

**CONCLUSION**

For the reasons stated above, the Court determines that lien avoidance on tools of the trade claimed exempt under Wis. Stat. § 815.18(3)(b) is limited by 11 U.S.C. § 522(f)(3). In addition, one spouse is presumptively the dependent of another spouse in Wisconsin for purposes of claiming the exemption for tools of the trade used by one spouse. The Court makes no determination at this point as to the qualification of the Equipment as tools of the trade or Robin McCauley's ability to claim an exemption.

# # #